IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| V. | § | CRIMINAL NO. 3:13-CR-479-K-1 |
| | § | |
| MICHAEL DEWAYNE CLEVELAND, | § | |
| #47705-177, | § | |
| DEFENDANT. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Michael Dewayne Cleveland's Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A), filed on May 1, 2021, and Supplemental Motion to Reduce Sentence, filed on August 4, 2021. Crim. Doc. 39, 40, 48. The Government filed a response opposing relief. Crim. Doc. 51. Having considered all the relevant pleadings and applicable law, the Court finds Cleveland's motion to reduce sentence and for compassionate release should be **GRANTED**. Accordingly, the Court will **REDUCE** Cleveland's sentence to 204 months (36 months on Counts 1 and 3 and 84 months on each of Counts 2 and 4, to be served consecutively).

I.

In 2014, Cleveland pled guilty to two counts of interference with commerce by robbery, in violation of 18 U.S.C. § 1951 (Hobbs Act robbery), and two counts of brandishing a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c). On January 7, 2015, he was sentenced to 35 years' imprisonment—three

years for each robbery to run concurrently and mandatory, stacked 7- and 25-year sentences on the gun counts to be served consecutively to the other two counts.  Crim. Doc. 33.  The Government dismissed the remaining counts for a third armed robbery and for possession of a stolen firearm.  Defendant did not pursue a criminal appeal and later unsuccessfully sought to vacate his sentence under 28 U.S.C. § 2255 based on *Johnson v. United States*, 576 U.S. 591 (2015).  *Cleveland v. United States*, No. 3:16-CV-1871-K (N.D. Tex. Apr. 11, 2018).

In December 2018, while Defendant was serving his sentence, Congress passed the First Step Act.  *See* Pub. L. No. 115-391, 132 Stat. 5194.  As relevant here, Congress amended 18 U.S.C. § 924(c)(1)(C), the provision that imposes a 25-year minimum sentence for repeat firearms offenders, to eliminate stacking.  *See id*, § 403.  After that amendment, the 25-year mandatory minimum applies only "[i]n the case of a violation of [§ 924(c)] that occurs after a prior conviction under this subsection has become final."  18 U.S.C. § 924(c)(1)(C).  As Cleveland recognizes the provision is not retroactive.  *Id.*

To overcome that hurdle, Cleveland seeks modification of his sentence under 18 U.S.C. § 3582(c)(1)(A), claiming that extraordinary and compelling reasons warrant a reduction in his sentence.  He argues that 91% of his 35-year sentence was "due solely to the § 924(c) mandatory minimums" and that today he would "fac[e] (at most) a mandatory minimum sentence of 14 years," which amounts to "less than half of the

sentence required at the original sentencing hearing." Crim. Doc. 48 at 8.   Cleveland states that he has participated in educational and rehabilitation programs while confined in the Bureau of Prisons ("BOP") and that "his prior criminal record included only one felony and no sentence longer than 6 months in jail." *Id.*

The Government opposes relief.   Doc. 51.  It emphasizes that § 403 does not apply retroactively to Cleveland and that his sentence-based request for relief is none other than an "attempted end-run around the procedural hurdles in [28 U.S.C. §] 2255."   Doc. 51 at 7. In addition, the Government argues several factors militate against granting relief:   (1) the seriousness of the defendant's offenses of conviction; (2) his admission that he had committed "at least 10 or 12" armed robberies; and (3) the fact that he has not yet served 25% of his sentence.  Also, the Government argues the 18 U.S.C. § 3553(a) factors weigh against granting the motion.

Upon review, the Court rejects the Government's counter arguments.  The Court also finds that Cleveland has presented compelling reasons justifying a reduced sentence under the limited circumstances of this case.

## II.

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed.  *See* 18 U.S.C. § 3582(c).  However, under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of

imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)); *see id.* at 693 n.1.

In *United States v. Shkambi*, the Fifth Circuit  Court of Appeals held that this statute gives district courts discretion, after applying the statutory factors, to modify and reduce sentences.  993 F.3d 388, 393 (5th Cir. 2021).  Critically, the Court made clear that when considering a motion for compassionate release filed by a prisoner, rather than by the BOP, the district court is not bound by the extraordinary and compelling reasons set forth in the policy statement in Application note 1.  *Id.* at 393.  Rather, "[t]he district court . . . is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."  *Id.*

This broad discretionary authority permits district courts considerable margin to decide what constitutes "extraordinary and compelling reasons" when reviewing a prisoner's own motion even if it is based on a non-retroactive sentencing change, such as the anti-stacking amendment to § 924(c), and/or other circumstances.  The Fifth Circuit has suggested as much.   In *United States v. Cooper*, the Court remanded "for the district court to consider, in the first instance, whether the nonretroactive sentencing changes to [the defendant's] § 924(c) convictions, either alone or in conjunction with any other applicable considerations, constitute extraordinary and compelling reasons

Page 4 of 11

for a reduction in sentence."  996 F.3d 283, 289 (5th Cir. 2021).  *See also United States v. Rios*, No. 21-10371, 2022 WL 101970, at *1 (5th Cir. Jan 10, 2022) (per curiam) (remanding for the district court to determine whether a life sentence rose to extraordinary and compelling circumstances for a sentence reduction).   Further, in *Cooper*, the district court on remand reduced the sentence on the second § 924(c) conviction.  *United States v. Cooper*, No. 4:09-CR-132, slip op. at 7 (S.D. Tex. July 19, 2021) ("The sheer length of [the] sentence, the disparity between the sentence and the sentence he would receive today, and the proportion of his sentence—50%—made up of the now-repudiated § 924(c) mandatory minimum, are extraordinary.").

The circuit courts of appeals that have addressed the issue are split.  Three have concluded that district courts have the discretion to consider non-retroactive sentencing changes on a case-by-case basis as one of several factors constituting extraordinary and compelling reasons for a reduction in sentence.  *See United States v. Ruvalcaba* , — F.4th —, 2022 WL 468925, *8-11 (1st Cir. Feb. 15. 2022); *United States v. McGee*, 992 F.3d 1035, 1045-48 (10th Cir. 2021); *United States v. McCoy*, 981 F.3d 271, 285-87 (4th Cir. 2020); *accord United States v. Maumau*, 993 F.3d 821, 837 (10th Cir. 2021).  The other court of appeals have reached the opposite conclusion.  *See United States v. Crandall*, — F.4th —, 2022 WL 385920, at *1 (8th Cir. Feb. 9, 2022); *United States v. Andrews*, 12 F.4th 255, 261-62 (3d Cir. 2021); *United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021).  And divided panels of the Sixth Circuit have placed

that court on both sides of the isle. *Compare  United States v. McKinnie,* 24 F.4th 583, 586-90 (6th Cir. 2022) (endorsing the Third, Seventh, and Eighth Circuits), *with United States v. McCall,* 20 F.4th 1108, 1114-1116 (6th Cir. 2021) (holding that nonretroactive sentencing changes can be considered as one of several factors forming extraordinary and compelling circumstances qualifying for sentence reduction). *See also Ruvalcaba* , — F.4th —, 2022 WL 468925, *8 & n.8 (summarizing in the circuit split and the Sixth Circuit divided panel decisions).

Markedly, the Fifth Circuit recently affirmed the partial reduction of stacked § 924(c) sentences, finding the district court did not abuse its discretion in reducing the aggregate sentence from 1,141 months to 491 months, even though the reduction was smaller than the defendant had requested. *United States v. Lyle*, No. 21-20005, 2022 WL 126988 (5th Cir. Jan. 12, 2022) (per curiam).  In *Lyle*, the lower court had relied on the § 924(c) non-retroactive sentencing change and "the discrepancy of comparative sentences" in finding extraordinary and compelling reason for reducing the sentence. *United States v. Lyle*, 506 F.Supp.3d 496, 503 (S.D. Tex. Dec. 9, 2020), *aff'd*, 2022 WL 126988 (5th Cir. Jan. 12, 2022).

Furthermore, this Court and numerous lower courts have reduced sentences in exceptional cases, like this one, relying on combined factors such as sentencing changes, the length of the sentence, and the defendant's particular circumstances. *See e.g. United States v. Fields*, No. 3:93-CR-166-K-1 (N.D. Tex. Nov. 3, 2021) (reducing life sentences

for non-violent drug offenses to time served) (Kinkeade, J.); *United States v. Cathey*, No. 4:99-CR-84-Y (Means, J.) (reducing virtual life sentence to 324 months based on sentencing changes); *United States v. Rainwater*, No. 3:94-CR-042-D-1, 2021 WL 1610153, at *1 (N.D. Tex. Apr. 26, 2021) (Fitzwater, J.) (reducing § 924(c) stacked sentence); *United States v. Tolliver*, No. 4:00-CR-84-Y, 2021 WL 1419456, at *1 (N.D. Tex. Mar. 29, 2021) (Means, J.) (same); *United States v. Fowler*, No. 4:92-CR-177-Y (N.D. Tex. Feb. 24, 2021) (Means, J.) (same). *See also United States v. Hebert*, 1:96-CR-41-TH-1, --- F. Supp.3d ---, 2021 WL 5918009, at *8 (E.D. Tex. Dec. 8, 2021) (reducing § 924(c) stacked sentence); *United States v. Cooper*, No. 4:09-CR-132 (S.D. Tex. July 19, 2021) (same); *United States v. Lyle*, 506 F.Supp.3d 496, 503 (S.D. Tex. Dec. 9, 2020) (same), *aff'd*, 2022 WL 126988 (5th Cir. Jan. 12, 2022).

Lastly, a growing number of courts have recognize that the mere fact that the amendments to § 924(c) are not retroactive does not mean that Congress intended to prohibit courts from providing relief on an individual basis under § 3582(c)(1)(A). *See Ruvalcaba*, — F.4th —, 2022 WL 468925, at *9; *McCoy*, 981 F.3d at 285-87; *Tolliver*, 2021 WL 1419456, at *1; *Lee*, 2021 WL 3129243, at *4; *Sterling*, 2021 WL 197008, at *5. Rather, what matters is whether the defendant has shown extraordinary and compelling reasons warranting a reduction. The defendant in this case has done just that.

III.

Here, the totality of circumstances—including the unusual severity of Cleveland's original sentence, the sentencing changes brought about by the First Step Act, the now-repudiated § 924(c) mandatory minimum, the gross disparity between Cleveland's sentence and a likely sentence for identical criminal conduct today, and Cleveland's particular circumstances, such as his relatively young age, rehabilitation efforts and overall good conduct—present extraordinary and compelling reasons for a reduction of sentence.   First, the sheer length of Cleveland's stacked sentences appears facially unjust.   Second, the disparity between his original sentence and the sentence he would receive today after the First Step Act highlights the unfairness of the sentencing stacking.  Third, Cleveland's individualized circumstances, taken as a whole, weigh in his favor.   Also, the sentencing factors discussed in more details below support a sentence reduction.

Further, Cleveland presents an overall good post-sentencing institutional record that shows some steps towards rehabilitation and re-entry that cannot be ignored. Cleveland was 30 years old when he committed the four offenses of conviction and the other robberies identified in the PSR.  He is now 38 years old and has served about eight years of his 35-year sentence.  Notwithstanding the lengthy sentence, Cleveland has strived to improve and rehabilitate himself, by completing some education courses and, most recently, qualifying for UNICOR employment.  In addition, Cleveland has

maintained a nearly perfect prison record, with only one non-violent disciplinary infraction for possessing an unauthorized item, and the BOP has assigned him a "low risk recidivism level." He has also begun the process of maturing and developing important skill sets that will facilitate his re-entry into society.

On this record, the Court finds that the unique circumstances of Cleveland's case coupled with the § 924(c) sentencing change and "the discrepancy of comparative sentences" justify a reduction in his sentence. Cleveland has served about eight years in federal prison already and took advantage of that time to improve and rehabilitate himself. His participation in courses and rehabilitation programs, his ability to maintain prison employment, and his by and large good conduct confirm an intention to live as a law-abiding citizen.

Moreover, the 18 U.S.C. § 3553(a) factors weigh in favor of reducing Cleveland's 35-year sentence. The Court is obligated to consider these factors to the extent they are applicable. *See* 18 U.S.C. § 3582(c)(1)(A).

The Court does not downplay the seriousness of Cleveland's armed robberies. But he has served eight years in prison for his crimes and will serve at least another nine years before he is released, which is more than sufficient to demonstrate the need for deterrence, public safety, and respect for the law. As previously noted, Cleveland tried to better himself while in prison through educational and rehabilitation efforts and will have an opportunity to continue to do so for several more years. According to

BOP records, he has a medium security classification with a "low risk recidivism level." And since his incarceration, Cleveland has incurred one non-violent disciplinary infraction. Based on these considerations, and in light of the principle that a sentence should be "sufficient, but not greater than necessary," *see* 18 U.S.C. § 3553(a), the Court finds that the § 3553(a) factors weigh in favor of reducing Cleveland's sentence.

In sum, after considering the totality of the circumstances, the Court finds that Cleveland has shown extraordinary and compelling reasons that justify a reduced sentence under 18 U.S.C. § 3582(c)(1)(A). The Court also finds that his release from imprisonment in about nine years, will not pose a danger to the safety of any other person or the community and does not undermine the statutory purposes of sentencing, and that the 18 U.S.C. § 3553(a) factors, as considered in the specific context of his case, warrant a reduction in Cleveland's sentence.

IV.

Accordingly, Cleveland's original and supplemental motions for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) are **GRANTED** and Cleveland's sentence is **REDUCED** to 204 months (36 months on Counts 1 and 3 and 84 months on each of Counts 2 and 4, to be served consecutively). This decision does not affect Cleveland's term of supervised release.

The Clerk of Court is **directed** to fax or e-mail a copy of this order to the Warden at FCI Beaumont Medium, where Defendant is confined.  Fax number:  409-720-5000. E-mail address: BMM-ExecAssistant@bop.gov.

SO ORDERED.

Signed February 23rd, 2022.


_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE